```
UNITED STATES DISTRICT COURT FOR THE
    WESTERN DISTRICT OF NORTH CAROLINA
             CHARLOTTE DIVISION
              3:06CV460-MU-01
```

| | |
|---|---|
| **MAURICE GARVIN,**          ) | |
|                                 ) | |
|     **Petitioner,**      ) | |
|                                 ) | |
|               v.             ) | **O R D E R** |
|                                 ) | |
| **THEODIS BECK,**           ) | |
|                                 ) | |
|     **Respondent.**      ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254.

A review of the subject federal habeas petition reflects that on November 15, 2000, after a trial by jury, Petitioner was convicted of Assault with a Deadly Weapon with Intent to Kill Inflicting Serious Injury. He was sentenced to 132-168 months imprisonment. Petitioner's sentence and conviction were affirmed by the North Carolina Court of Appeals on August 6, 2002. On October 3, 2002, the North Carolina Supreme Court denied Petitioner's petition for discretionary review. On May 25, 2005, Petitioner filed a document with the Gaston County Superior Court that was construed as a Motion for Appropriate Relief (MAR). On August 28, 2005, the Superior Court denied Petitioner's MAR.

On or about October 30, 2006,[1] Petitioner filed the instant federal habeas petition. After conducting an initial review of Petitioner's federal habeas petition, the Court concluded that it appeared that Petitioner's federal habeas petition was untimely. Therefore, the Court issued a Hill[2] notice ordering Petitioner to set forth why his federal habeas petition should be deemed timely filed.

In his response to the Hill notice, Petitioner asserts that his federal habeas petition was timely filed because his time in which to file a federal habeas petition should not have begun to run on or about January 1, 2003, because he did not receive notice that his direct review had been denied until on or about August 9, 2005. Regardless of whether or not the failure of an appellate attorney to timely inform a defendant of the results of an appeal serves to toll AEDPA's limitation period, Petitioner's federal habeas petition is still untimely. That is, even if August 9, 2005, is used as the date his limitation period began to run, his

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Petition for Writ of Habeas Corpus, his Petition would be deemed filed, on the date he delivered it to prison officials for forwarding to the district court. Petitioner dated his federal habeas petition on October 30, 2006. At this time, the Court will use this date as Petitioner's filing date for his federal habeas petition.

[2] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

petition is untimely.  Petitioner still filed his present federal habeas petition two and a half months late.

Petitioner also appears to argue that the fact that the North Carolina Prisoner Legal Services (NCPLS) did not decline to represent him on federal habeas review until after many months of correspondence should impact the running of his limitation period. This argument is unavailing.  A petitioner has no right to counsel on collateral review.  As such, claims of error by a prisoner's collateral review attorney does not justify equitable tolling. <u>See</u> <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000).  Clearly conduct by an attorney who has not even agreed to represent a Petitioner cannot serve to toll AEDPA's limitation period.  Thus, Petitioner's decision to delay filing while awaiting a decision from NCLPS did not operate to toll his limitation period.

Based upon the above, Petitioner's federal habeas petition is dismissed as untimely.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C.§ 2254 is **DISMISSED** as untimely.

Signed: November 30, 2006

Graham C. Mullen
United States District Judge